IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAMSEY MITCHELL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-00388-RP |
| | § | |
| WILLIAMSON COUNTY, TEXAS, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JAMES JOHNSON'S MOTION TO ABATE DISCOVERY PENDING RULINGS ON DEFENDANT'S MOTION TO DISMISS**

**Blerim Elmazi, Esq.**
Texas Bar No. 24118375
**ELMAZI LAW FIRM, PLLC**
800 N. Fielder Rd., Suite 100 C
Arlington, TX 76012
Tel. (817) 438-0123
Blerim@ElmaziLaw.com

**Adam A. Malik, Esq.**
Texas Bar No. 24094151
**MALIK & ASSOCIATES, PLLC**
P.O. Box 110251
Carrollton, TX 75011
Tel. (214) 881-2100
AMalik@MalikFirm.com

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO ABATE DISCOVERY**

**COMES NOW,** Ramsey Mitchell, Plaintiff, and files this Response in Opposition to Defendant James Johnson's Motion to Abate Discovery Pending Rulings on Defendant's Motion to Dismiss (Dkt. 33), and would respectfully show the Honorable Court as follows:

## I.   SUMMARY OF THE ARGUMENT

Defendant Johnson's Motion to Abate Discovery should be denied. Defendant Johnson has not only requested the Court to stay all discovery in this matter, but has further requested that Plaintiff provide a Rule 7(a) reply regarding the qualified immunity issue pertaining to Defendant Johnson. (Dkt. 33 ¶ 12). This request for a Rule 7(a) reply should also be denied.

A Rule 7(a) reply is unnecessary in light of the new pleading standard outlined by the Supreme Court in its opinion in *Ashcroft v. Iqbal*, which has made clear that pleading deficiencies should be addressed through motions to dismiss under Rule 12(b)(6) or 12(c). In fact, Defendant Johnson has already submitted a motion to dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6). (See Dkt. 28). Defendant Johnson has specifically raised the issue of qualified immunity in his motion to dismiss – an issue that Plaintiff will address in his response in opposition to said motion.

Further, Plaintiff's Original Complaint, as it stands, is more than sufficient to place Defendant Johnson on notice of how Plaintiff intends to defeat the qualified immunity defense. Plaintiff respectfully requests the Court to deny Defendant Johnson's Motion to Abate Discovery and deny his request for Plaintiff to file a Rule 7(a) reply. Plaintiff further requests that discovery in this matter commence, and all other and further relief to which he is justly entitled.

## II.   BACKGROUND

Defendant Johnson's Motion to Abate Discovery purports to request the Court to stay all discovery, from any party, "pending the Court's ruling on the Defendant's Motion to Dismiss." (Dkt. 33 ¶ 13). Defendant Johnson's request is problematic in that the language of his motion appears to request abatement of all discovery, as to all parties and claims, not just those pertaining to Defendant Johnson. In light of this substantive issue, Plaintiff respectfully requests that the motion be denied.

Plaintiff filed his Original Complaint on May 3, 2021 against Defendants Williamson County, Texas, Robert Chody, Zachary Camden, Mark Luera, James Johnson, Charles Duval, Lorenzo Hernandez, A&E Television Networks, LLC, and Big Fish Entertainment, LLC. The crux of Plaintiff's allegations center on the assault initiated by Williamson County sheriff deputies, including Defendant Johnson, that resulted in severe and lasting injuries for Plaintiff. Defendant Johnson filed his Rule 12(b)(1) and 12(b)(6) motion to dismiss Plaintiff's Complaint on June 9, 2021.

At the time of the filing of this response, Defendant Johnson has been the only Defendant in this matter to answer, or otherwise response, to Plaintiff's Original Complaint. Defendant Johnson's response to Plaintiff's Original Complaint is outlined in his motion to dismiss. (Dkt. 28). One week after filing his motion to dismiss, Defendant Johnson filed his Opposed Motion to Abate Discovery. (Dkt. 33). No other Defendant in this matter has moved to dismiss Plaintiff's Complaint at the time of this filing. Further, neither Williamson County nor the A&E Television Networks or Big Fish Entertainment can raise, nor have they raised, qualified immunity as a basis for dismissing Plaintiff's claims against them. No other Defendant has joined in Defendant Johnson's Motion to Abate Discovery, although counsel for other Defendants have either indicated they were unopposed or did not respond.

### III.    ARGUMENT & AUTHORITIES

**A. Standards Governing a Stay of Discovery.**

  **1. The doctrine of qualified immunity arises from federal common law and provides immunity from liability, not from suit.**

Defendant Johnson's Motion to Abate Discovery serves as an attempt to bar Plaintiff from bringing his claims against Defendant Johnson. It should be noted that the doctrine of qualified immunity is separate and distinct from sovereign immunity. Sovereign immunity is derived from the Eleventh Amendment to the U.S. Constitution and establishes that a State is generally immune from any action brought against it in federal court by a private party. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984); U.S. CONST. amend. XI. Unlike qualified immunity, sovereign immunity is a jurisdictional bar that provides States with immunity from suit, not just immunity from liability. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

Qualified immunity, which is at issue in the present matter, is wholly distinct from sovereign immunity. Sovereign immunity has no place in a Section 1983 claim. *Trent v. Wade*, 776 F.3d 368, 387 (5th Cir. 2015). As an important distinction, qualified immunity "insulate[s] state officials from liability," not from suit. *Pierson v. Ray*, 386 U.S. 547, 555-57 (1967). As a result, to the extent that Defendant Johnson believes that discovery should be stayed up to and/or past the Court's Rule 12 determination, Plaintiff respectfully requests that the Court deny the motion.

  **2. *Harlow* and its progeny permit limited discovery where qualified immunity cannot be determined as a purely legal question.**

It is recognized that one of the purposes of qualified immunity is to "free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *see Harlow v. Fitzgerald*, 457 U.S. 800, 816-17 (1982). While the statements regarding limited discovery in *Harlow* and *Iqbal* are dicta, they reflect the general principle that discovery should be narrowed rather than prohibited where qualified immunity is at issue. Qualified immunity protects parties from "the burdens of broad-reaching discovery." *Harlow*, 457 U.S. at 818. It was not meant to protect parties from any discovery, but rather to limit its scope while considering the qualified immunity defense.

The Supreme Court has noted that qualified immunity is a "right to immunity *from certain claims*, not from litigation in general[.]" *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996) (emphasis in original). In fact, the Supreme Court has further clarified that *Harlow* protects officials from the broad scope of discovery generally available under Rule 26, but it does not prohibit all discovery until qualified immunity is resolved.

> Discovery involving public officials is indeed one of the evils that *Harlow* aimed to address, but neither that opinion nor subsequent decisions create an immunity from all discovery. *Harlow* sought to protect officials from the costs of broad-reaching discovery, and we have since recognized that limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity.

*Crawford-El v. Britton*, 523 U.S. 574, 593 (1998). Where the parties dispute the incident in question, an official is entitled to qualified immunity only "if discovery fails to uncover evidence sufficient to create a genuine issue as to where the defendant in fact committed those [alleged' acts." *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). It necessarily follows that a complaint which alleges a plausible claim overcoming qualified immunity entitles the plaintiff to

at least some discovery before resolving the immunity question at a subsequent stage of litigation.

### 3. Limited discovery is appropriate where facts relevant to the qualified immunity question are disputed.

The Fifth Circuit has held that "qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987); *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014). The Fifth Circuit has thus consistently recognized that limited discovery into the issue of qualified immunity is proper to ensure that the qualified immunity determination is made on all of the necessary facts. *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995); *Lion Boulos*, 834 F.2d at 509-10 (5th Cir. 1987) (finding limited discovery on qualified immunity proper where there were conflicting versions of facts and because a district court should not rely solely on one party's version of the facts).

Limited discovery on the issue of qualified immunity is appropriate where "the complaint pleads facts sufficient to overcome" the qualified immunity defense. *Webb v. Livingston*, 618 F. App'x 201, 209 (5th Cir. 2015). Plaintiff is not requesting burdensome or overbroad discovery. Plaintiff recognizes that discovery at this state of the qualified immunity determination may appropriately be limited by the Court's discretion. However, the Fifth Circuit has opined that discovery is neither avoidable nor overly broad where: (1) qualified immunity turns at least partially on a factual question; (2) the court is unable to rule on the immunity defense without clarification of these facts; and (3) the discovery is "narrowly tailored to uncover only the facts necessary to rule on the immunity defense." *Lion Boulos*, 834 at 507-508. The trial court would thus be capable of resolving the qualified immunity question by allowing limited discovery.

In the present case, Plaintiff has alleged that Defendant Johnson and the other deputy defendants unnecessarily assaulted Plaintiff while he was subdued and restricted his ability to comply with deputy commands. Specifically regarding Defendant Johnson, Plaintiff has alleged that Defendant Johnson unjustifiably and unreasonably initiated a barrage of punches on Plaintiff's person that escalated when Defendant Johnson tasered Plaintiff multiple times while he was in a fetal position. (Dkt. 1 ¶¶ 104, 105, 107, 108, 109, 110, 111, 112, 113). However, Defendant Johnson disputes this version of events. Defendant Johnson has argued that during the encounter "Plaintiff clearly resists being handcuffed despite the Deputies attempts to achieve compliance from the use of voice commands, then the use of physical force and blows, then to the use of a taser to get Plaintiff to stop fighting and to get his hands in a position to be restrained with handcuffs." (Dkt. 28 ¶ 30).

Despite Defendant Johnson's arguments, Plaintiff has specifically alleged that he was not resisting arrest or detainment and continued to remain in a defensive position when the barrage of punches, strikes, kicks and tasers were deployed on him. (Dkt. 1 ¶ 107). Plaintiff further alleged that he "never attempted to harm any of the Deputy Defendants in any way." (Dkt. 1 ¶ 144). This runs counter to Defendant Johnson's repeated assertion that Plaintiff was fighting the officers. Defendant Johnson has raised disputes of fact which speak directly to whether he is entitled to the qualified immunity defense. As a result, limited discovery is appropriate in this case before the immunity question is resolved.

### 4. Qualified immunity is not available to the county and corporate media defendants, and, therefore, discovery should not be stayed as to those claims.

No other Defendant in this action at the time of this filing has raised the qualified immunity defense. The Fifth Circuit has noted that qualified immunity protects only "individuals

acting within the bounds of their official duties, not the governing bodies on which they serve." *Minton v. St. Bernard Parish Sch. Bd.*, 803 F.2d 129, 133 (5th Cir. 1986). Because the county defendant and the corporate media defendants in this action are not entitled to qualified immunity, no analysis of the defense is implicated by Plaintiff's claims against Williamson County, A&E Television Networks and Big Fish Entertainment. *See Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014).

As a result, Defendant Johnson's request to stay all discovery pending the resolution of his qualified immunity defense is both overly broad and outside the scope of other defendants in this action. The purpose of the qualified immunity defense is not served by staying discovery as to all defendants and all claims, even among defendants not capable of asserting the qualified immunity defense. There is no reason to preclude Plaintiff from seeking discovery on claims that survive a successful qualified immunity challenge.

Even in cases where a trial court has stayed, abated and/or limited discovery as to a particular defendant who has raised the qualified immunity defense, courts have also routinely permitted plaintiffs to take discovery in relating to any municipal liability claims and to limit the stay of discovery to the defendant asserting qualified immunity. In fact, the Western District of Texas considered an analogous motion by a law enforcement defendant and declined to stay discovery pending the qualified immunity determination at the motion to dismiss stage. *See Saenz v. City of El Paso, Tex.*, No. EP-14-cv-244-PRM, 2015 WL 4590309 (W.D. Tex. Jan 26, 2015).

Also within the Fifth Circuit was a denial of a motion to stay discovery against municipal defendants because of an absence of authority "that precludes discovery and pretrial matters from proceeding on claims not related" to claims dealing with the qualified immunity defense.

*See Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 732 (N.D. Tex. 2014); *Buckner v. City of Victoria*, No. CIV. A. V-08-09, 2008 WL 4057929 (S.D. Tex. Aug. 26, 2008) ("Because municipalities are not entitled to qualified immunity, plaintiffs should be allowed to engage in discovery in order to pursue their claims against such defendants."). Plaintiff should be able to seek discovery from all defendants not asserting the qualified immunity defense, including Williamson County, A&E Television Networks, and Big Fish Entertainment.

### 5. Finally, Plaintiff has a substantial interest in proceeding with discovery that would be harmed if a stay of discovery is applied to all defendants and claims.

Plaintiff has an obvious and important interest in proceeding with discovery and taking this case to trial. *Clinton v. Jones*, 520 U.S. 681, 707 (1997). Not only does this interest relate to Plaintiff, but it also encompasses the Court in its effort to expeditiously dispose of pending cases. Staying and/or abating discovery as to all defendants would result in significant delay in this case and delay the resolution of Plaintiff's claims. The risk of granting this broad stay of discovery would lead to extended and protracted discovery. Perhaps an even greater risk in granting this broad request to abate discovery is the prospect of delaying discovery and trial to such a time where loss of evidence is implicated, including the inability of witnesses to recall specific facts related to the June 2019 incident in question. *See Saenz*, 2015 WL 4590309 at 5.

Defendant Johnson should further be required to show why other methods of protecting his interests are insufficient and why a motion to abate discovery as to all defendants is necessary. "The movant should at least be required to make a specific showing of harm it will suffer without a stay and why other methods of protecting its interests are insufficient." *Gonzalez v. Fresenius Medical Care North America*, 571 F. Supp. 2d 758, 764 (W.D. Tex. Aug. 14, 2008). Defendant Johnson has not shown that here and has not demonstrated why a blanket stay on all

discovery and all parties is necessary in this matter when only his qualified immunity defense is currently at issue.

## PRAYER

For at least these reasons, Plaintiff respectfully requests that this Court deny Defendant Johnson's Motion to Abate Discovery in its entirety, or in the alternative, deny the motion as to the defendants that are unable to assert the qualified immunity defense, including Williamson County, A&E Television Networks, and Big Fish Entertainment. Plaintiff further requests all such other relief to which he may be entitled.

Respectfully Submitted,

**Blerim Elmazi, Esq.**
Texas Bar No. 24118375
**ELMAZI LAW FIRM, PLLC**
800 N. Fielder Rd., Suite 100 C
Arlington, TX 76012
Tel. (817) 438-0123
Blerim@ElmaziLaw.com

**Adam A. Malik, Esq.**
Texas Bar No. 24094151
**MALIK & ASSOCIATES, PLLC**
P.O. Box 110251
Carrollton, TX 75011
Tel. (214) 881-2100
AMalik@MalikFirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Blerim Elmazi*
**Blerim Elmazi**